UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-80200-CIV-GAYLES/BRANNON

**GARY CROOKS**,

    Petitioner,

vs.

**MICHAEL D. CREWS**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Dave Lee Brannon's Report Recommending Denial of § 2254 Petition for Writ of Habeas Corpus ("Report") [ECF No. 41]. On February 26, 2013, Petitioner, Gary Crooks ("Crooks"), filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody ("Petition") [ECF 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 3]. After Crooks obtained counsel, the case was reassigned to Magistrate Judge Dave Lee Brannon [ECF 17].

Upon reviewing Crook's Petition, Judge Brannon issued the Report recommending the Court deny the Petition because 1) there was no *Brady* violation for the State's failure to turn over the complete statement of the victim, C.C., before trial; 2) defense counsel's performance was not ineffective for not further impeaching C.C. with her statement to one of the investigating detectives; 3) the jury instruction for capital sexual battery did not violate due process; and 4) the State presented sufficient evidence that C.C. was under the age of 12 at the time of the sexual

battery.  The Report also advised Crooks that he had fourteen days from receipt of a copy of the Report to object to it.  To date, Crooks has not filed objections.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

This Court has reviewed the Report, the record, and the applicable law to assure that no clear error appears on the face of the record.  In the light of that review, this Court agrees with the analysis and recommendations stated in Judge Brannon's Report, and agrees with Judge Brannon's conclusion that Crook's Petition seeking relief under 28 U.S.C. section 2254 be denied.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 41]** is **AFFIRMED AND ADOPTED**. Crook's Petition **[ECF No. 1]** is **DENIED**. It is further

**ORDERED AND ADJUGED** that the Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of April, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE